UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ITALO LUCIANO ZEVALLOS HURTADO,<br>Petitioner,<br>v.<br>FERETI SEMAIA, et al.,<br>Respondents. | Case No. 5:26-cv-01884 ADS<br><br>ORDER DISMISSING PETITION AS MOOT |

## I. <u>INTRODUCTION</u>

Petitioner Italo Luciano Zevallos Hurtado filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), seeking release from immigration detention and an injunction from future detainment because he was entitled to pre-deprivation notice and a hearing. (Dkt. No. 1.) Respondents filed an Answer, alleging that Petitioner had already received a bond hearing. (Dkt. No. 11.) Respondents then filed a Notice of Intended Removal. (Dkt. No. 13.) Subsequently, Respondents confirmed Petitioner voluntarily departed from the United States on July 22, 2026.

(Dkt. No. 16.) Respondents request the Petition be dismissed as moot. (Id.) Petitioner did not otherwise challenge Respondents' representation. For the reasons set forth below, the Petition is dismissed as moot.

## II. DISCUSSION

"A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, section 2, of the Constitution." U.S. v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001) (citation omitted). To maintain a viable claim, a litigant must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." Id. If there is no longer a possibility that a party can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction. See Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 521 (9th Cir. 1999). "When, by virtue of an intervening event, a court cannot grant any effectual relief whatever in favor of the petitioner," the proceeding should be dismissed as moot. Calderon v. Moore, 518 U.S. 149, 150 (1996) (cleaned up) (citation omitted).

Here, Petitioner voluntarily departed from the United States on July 22, 2026. (Dkt. No. 16.) The Petition sought release from immigration detention on the basis of a procedural due process right to pre-deprivation notice and a hearing. There is no relief the Court can give Petitioner because Petitioner was released from immigration detention and voluntarily departed from the United States. See Munoz v. Rowland, 104 F.3d 1096, 1097–98 (9th Cir. 1997) ("Because [the petitioner] has been released. . . we can no longer provide him the primary relief sought in his habeas corpus petition."); see also Ung v. Warden of Golden State Annex Ice Det. Facility, No. 1:26-CV-00869-KES-SAB-HC, 2026 WL 1272934, at *1 (E.D. Cal. May 8, 2026), report and recommendation adopted sub nom., 2026 WL 1537701 (E.D. Cal. June 1, 2026) (dismissing a habeas

corpus petition as moot because the petitioner was removed from the United States). The Petition is moot and must be dismissed for lack of jurisdiction.

## III. ORDER

Accordingly, it is hereby ORDERED:

(1) The Petition is dismissed without prejudice as moot; and

(2) Judgment will be entered accordingly.

Dated: 09/02/2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge